Rule made absolute.

PHILIP HANDSCHUCH, RELATOR, v. WILLIAM B. MARTIN, CLERK OF THE COUNTY OF UNION, AND THEODORE W. BROKAW, CLERK OF THE CITY OF ELIZABETH, RESPONDENTS.

Argued September 19, 1929—Decided October 1, 1929.

Before Justices Trenchard, Lloyd and Case.

For the relator, *Sidney W. Eldridge.*

For the respondent, *Theodore W. Brokaw* and *Edward A. McGrath.*

For the respondent, *William B. Martin* and *Francis J. Blatz.*

Per Curiam.

The following matters of fact appear: At the general election for the year 1926, William J. Mottley was elected a member of the board of assessment and revision of taxes (commonly known as assessor) in the city of Elizabeth, for the eighth ward thereof, for a term beginning July 1st, 1927, and ending June 30th, 1929. He took office. He was again elected at the general election of 1928 for a term from July 1st, 1929, ending June 30th, 1931. He took the oath of office on November 22d, 1928. He died November 25th, 1928.

On December 5th, 1928, by resolution of city council, Margaret Mottley was elected "for the unexpired term of William J. Mottley, deceased, to June 30th, 1929, and for a period from July 1st, 1929, *until a successor has been duly elected,*" and she took the oath of office.

On July 5th, 1929, Margaret Mottley resigned and her resignation was accepted, and on July 8th, 1929, Sarah Mottley was elected by city council "for a period from July 5th, 1929, until a successor has been duly elected."

The question seems to be should a successor be elected at the next general election.

We think the term vacated was the unexpired term of William J. Mottley, described as "from July 1st, 1929, until a successor has been duly elected," following practically the language of the act of 1901. *Pamph. L.* 1901, *p.* 42, § 5, provides that: "All vacancies in offices in any city in this state arising from or created by any other cause than expiration of term of office, shall be filled for the unexpired

term only; *vacancies in elective offices shall hereafter be filled at the next general or state election, and not otherwise.*"

Section 7 provides that "every officer now or hereafter holding any office covered by the provisions of this act, except justices of the peace, shall continue to hold such office, and to continue to exercise the duties thereof  *  *  *  *untill his successor has been chosen and qualified.*"

Section 8 repeals all inconsistent acts, special or general.

We believe that this act is still in effect, and that seems to be conceded. That being so, we think it was the duty of the city clerk to certify to the county clerk the vacancy to be filled at the next general election. That, it appears, he did not do, although requested, and refused so to do as late as August 29th, 1929.

We therefore think and order that a peremptory writ issue commanding and enjoining Theodore W. Brokaw, clerk of the city of Elizabeth, to make and certify under his hand and seal of office and forward to the clerk of the county of Union a statement designating the public office of member of the board of assessment and revision of taxes in the city of Elizabeth, for the eighth ward thereof, for the unexpired term of William J. Mottley, deceased, to be filled at the general election in the year 1929.

We do not think that we should require anything of the county clerk by way of *mandamus* as matters now stand. He has never been asked to do anything in this connection which legally he was compelled to do, and so, of course, has not declined to do anything which legally he was compelled to do. His duty begins only upon the vacancy being certified to him, and that has not been done as yet.

We assume that, in respect to such duties as the law casts upon him after receiving the certificate, he will perform such duties.

The peremptory writ of *mandamus* will issue accordingly.